UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL CHRISTIAN MUSIC
MINISTRY INC.,

                        Plaintiff,      CIVIL CASE NO. 06-14310

v.

OCWEN FEDERAL BANK, FSB, now known      HONORABLE PAUL V. GADOLA
as OCWEN LOAN SERVICING, LLC.,             U.S. DISTRICT COURT

                        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Before the Court is Defendant Ocwen Federal Bank's motion for judgment on the pleadings requesting that ICMM's complaint be dismissed on account of preclusion and a lack of jurisdiction. For the reasons below, the Court grants Defendant's motion and dismisses this case with prejudice.

**I.    Background**

This is a property dispute between Plaintiff International Christian Music Ministry Inc. ("ICMM"), a Michigan ecclesiastical corporation doing business as Late Night Praise and Worship, and Defendant Ocwen Federal Bank, FSB, now known as Ocwen Loan Servicing, LLC ("Ocwen Federal Bank"), a Florida limited liability company. Jurisdiction in this Court is based on diversity.

The property at the center of the dispute is a single family residence located at 4050 McKinley, China Township, Michigan, in St. Clair County. It was conveyed to Unity Community ("Unity"), on November 3, 1993. ICMM alleges that as security against a debt owed to ICMM by Unity, the president of Unity, Garnell McAfee, added ICMM's name to the property's deed in 1993.

Garnell McAfee and his wife, Marilyn McAfee, mortgaged the property with Ocwen Federal Bank on January 27, 1997.

On November 5, 1996, nearly two months prior to the mortgage of the property, ICMM filed suit in Wayne County Circuit Court against Unity seeking damages for breach of contract. On September 3, 1999, the Wayne County Circuit Court ordered the property conveyed to ICMM.

In December 2001, Ocwen Federal Bank filed a Quieting of Title suit for ownership of the property in St. Clair County Circuit Court against several defendants including Garnell McAfee and ICMM. On May 22, 2003, the St. Clair County Circuit Court issued an order quieting the title to the property in Ocwen Federal Bank. The St. Clair County Circuit Court also held that the Wayne County Circuit Court's order of conveyance was null and void.

ICMM appealed the St. Clair County Circuit Court decision to the Michigan Court of Appeals. On July 8, 2004, the Court of Appeals issued its opinion and held that the St. Clair County Circuit Court erred in granting the property to Ocwen Federal Bank because that court could not declare the Wayne County Circuit Court's order of conveyance null and void. The Court of Appeals thus concluded that the St. Clair County Circuit Court's decision to grant title to Ocwen Federal Bank was in error, and the Court of Appeals remanded the case to the trial court for a determination consistent with the Wayne County Circuit Court's conveyance of the property to ICMM. The decision of the Court of Appeals was subsequently appealed to the Michigan Supreme Court by Ocwen Federal Bank.

On June 2, 2005, the Michigan Supreme Court reversed the judgment of the Court of Appeals. In its order, the Supreme Court held that:

> [Ocwen Federal Bank] was not a party to the prior action in the Wayne Circuit Court, and that proceeding did not determine plaintiff's right to the property. As a result, the St. Clair Circuit Court's order did not have the effect of setting aside or rendering "null and void" the order of the Wayne Circuit Court. Rather, under the facts of this case, the St. Clair Circuit Court had plenary authority pursuant to MCL 600.2932 to vest title in [Ocwen Federal Bank].

*Ocwen Federal Bank, FSB v. International Christian Music Ministry, Inc.*, 472 Mich. 923 (Table) (2005).

The case was then remanded to the Michigan Court of Appeals for further adjudication consistent with the order of the Supreme Court. On October 6, 2005, the Court of Appeals affirmed the St. Clair County Circuit Court's holding which granted the property to Ocwen Federal Bank. After the October 6 decision, ICMM applied for leave to appeal that ruling to the Michigan Supreme Court. ICMM's application for leave to appeal was denied. ICMM then filed a motion for reconsideration with the Michigan Supreme Court, which was also denied. After all avenues of Michigan's state courts had been explored, the St. Clair County Circuit Court's determination to quiet title to the property in Ocwen Federal Bank remained in force.

Plaintiff ICMM subsequently filed this current suit in federal court on September 29, 2006. ICMM contends that the necessary implication of the state court decisions is that the property must remain with ICMM and that title cannot be quieted in Ocwen Federal Bank without contradiction. Ocwen Federal Bank filed its motion requesting judgment on the pleadings on February 22, 2007. ICMM filed a response on March 12, 2007 and Ocwen Federal Bank filed a reply on March 18, 2007.

**II.     Analysis**

Plaintiff ICMM's argument rises and falls on the language in the Michigan Supreme Court order which stated that "the St. Clair Circuit Court's order did not have the effect of setting aside or rendering 'null and void' the order of the Wayne Circuit Court." *Id.* According to ICMM, the fact that ICMM was granted ownership of the property by the Wayne County Circuit Court and the fact that the Michigan Supreme Court held that the Wayne County Court's ruling was not rendered null and void means that it, ICMM, should still have ownership of the property. ICMM argues that it is seeking enforcement, not review or appeal, of the state court's ruling.

Defendant Ocwen Federal Bank argues in response that ICMM has misunderstood and misinterpreted critical language of the Michigan Supreme Court's ruling and that, properly understood, the order of the Supreme Court, along with the further adjudication by the Michigan Court of Appeals, leaves no question that title to the property belongs to Ocwen Federal Bank. Ocwen Federal Bank argues that this case is barred by the Rooker-Feldman doctrine and issue preclusion and must therefore be dismissed by this Court.

### A. Rooker-Feldman Doctrine

Plaintiff's case is first barred by the Rooker-Feldman doctrine. The Rooker-Feldman doctrine makes clear that the United States Supreme Court is the only federal court with subject matter jurisdiction over matters that would amount to an appeal from the judgment of a state's highest court. *See Patmon v. Michigan Supreme Court*, 224 F.3d 504, 506-507 (6th. Cir. 2000).

The Sixth Circuit has stated the following:

> The Rooker-Feldman doctrine prohibits federal courts below the United States Supreme Court from exercising "appellate jurisdiction over the decisions and/or proceedings of state courts, including

> claims that are 'inextricably intertwined' with issues decided in state court proceedings." This circuit has held that a "federal claim is 'inextricably intertwined' with a state-court judgment and thus implicates Rooker-Feldman when the federal claim succeeds *only to the extent that the state court wrongly decided the issues before it*."

*Gilbert v. Ferry*, 401 F.3d 411, 416 (6th Cir. 2005) (emphasis added) (citation omitted).

In this case, ICMM argues that it is not seeking a review of a state court's decision but is merely requesting that a decision be enforced. According to ICMM, since the Wayne County Circuit Court held that the property should go to ICMM and the Michigan Supreme Court held that the judgement of the Wayne County Court had not been rendered null and void, the property should thus rightly go to ICMM. This argument ignores the very next sentence of the Michigan Supreme Court's order which makes clear that the St. Clair County Circuit Court had full and complete authority to decide the matter of ownership between Ocwen Federal Bank and ICMM. Pursuant to the Supreme Court decision, the Court of Appeals ruled in favor of Ocwen Federal Bank with regard to ownership of the property. ICMM then tried to appeal this decision but the Michigan Supreme Court denied leave.

Having failed to obtain the relief it seeks from the Michigan courts, ICMM now seeks that relief here. ICMM's current "federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Id.* According to Sixth Circuit standard, ICMM's claim is inextricably intertwined with the state court's judgment. Here, ICMM is trying to appeal state decisions and in light of the Rooker-Feldman doctrine, subject matter jurisdiction over this claim lies exclusively with the United States Supreme Court. Consequently, this Court lacks jurisdiction to consider

ICMM's case.

### B. Issue Preclusion

Plaintiff ICMM's case is also barred by issue preclusion. Issue preclusion is a legal concept where one court must give preclusive effect to already litigated matters in a subsequent action. The Sixth Circuit has held that:

> [w]hen considering whether the judgment of a state court will have . . . preclusive effect on a subsequent action brought in federal court, the Full Faith and Credit Act, 28 U.S.C. § 1738, requires the federal court to give the prior adjudication the same preclusive effect it would have under the law of the state whose court issued the judgment.

*Heyliger v. State Univ. and Cmty. Coll. Sys. of Tenn.*, 126 F.3d 849, 851-52 (6th Cir. 1997). A court must apply issue preclusion when:

> 1) the parties in both proceedings are the same or in privity, 2) there was a valid, final judgment in the first proceeding, 3) the same issue was actually litigated in the first proceeding, 4) that issue was necessary to the judgment, and 5) the party against whom preclusion is asserted (or its privy) had a full and fair opportunity to litigate the issue.

*United States v. Dominguez*, 359 F.3d 839, 842 (6th Cir. 2004) (citing *Michigan v. Gates*, 452 N.W.2d 627, 630-31 (Mich. 1990)).

In this case, the first requirement is met because all of the parties before this Court were parties to the state litigation that decided the issue of ownership of the property between ICMM and Ocwen Federal Bank. The second requirement is also satisfied because there was a valid final

judgment. The Michigan Supreme Court determined that the St. Clair County Court had plenary authority to decide the matter and to quiet title in Ocwen Federal Bank. The Court of Appeals affirmed the decision issued by the St. Clair County Court regarding ownership of the property and the Michigan Supreme Court denied request for appeal and reconsideration. Therefore there was valid final judgment concerning the issue of ownership.

The third requirement is likewise satisfied. The issue ICMM has brought before this Court is whether it or Ocwen Federal Bank properly has ownership of the property in St. Clair County. The issue of ownership of the property was the primary focus of the litigation that took place in state court between ICMM and Ocwen Federal Bank as well. Given that the third qualifying mark for issue preclusion requires that "the same issue was actually litigated in the first proceeding," the third requirement for issue preclusion is met. *Dominguez*, 359 F.3d at 842.

The fourth element is that the above-cited "actually litigated" issue was "necessary to the judgment." *Id*. The issue of ownership as between ICMM and Ocwen was the very claim litigated in state court and must, therefore, have been "necessary to the judgment." The fourth element is satisfied.

The final element is whether "the party against whom preclusion is asserted . . . had a full and fair opportunity to litigate the issue." *Id.* Because the action to quiet title brought in the St. Clair County Court was in direct opposition to ICMM's interests and ICMM was a party to that lawsuit, it had every incentive and opportunity to litigate the matter there, on appeal, and at the level of the Michigan Supreme Court. Therefore, this final requirement for issue preclusion has been

7

satisfied. Consequently Plaintiff ICMM's case is barred due to issue preclusion.

## III. Conclusion

After having considered the arguments of the parties, the Court finds that Plaintiff ICMM's case is barred due to the Rooker-Feldman doctrine and issue preclusion. In Defendant's motion, Defendant also requests Rule 11 sanctions and costs against Plaintiff. The Court will not entertain Defendant's request at the present time. If Defendant so desires, within thirty (30) days of issuance of this order, Defendant may file a separate motion for Rule 11 sanctions and other costs describing the specific violations and providing legal authority in support of its request. The schedule for the response and reply will proceed according to the Local Rules.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion for judgment on the pleadings [docket entry #11] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action, Civil Case No. 06-14310, is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

Dated:   August 28, 2007                              s/Paul V. Gadola
                                                     HONORABLE PAUL V. GADOLA
                                                     UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   August 28, 2007   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

            William E. Hosler; Percy Lewis                                        , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                          .

                                                s/Ruth A. Brissaud

                                                Ruth A. Brissaud, Case Manager

                                                (810) 341-7845